**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW STEVENS, individually** | : | **No. 1:23cv1367** |
| **and on behalf of all persons** | : | |
| **similarly situated,** | : | **(Judge Munley)** |
| **Plaintiff** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **USA TODAY SPORTS MEDIA** | : | |
| **GROUP, LLC and GANNETT CO.,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### <u>MEMORANDUM</u>

Before the court for disposition is the motion to transfer venue filed by

Defendants USA Today Sports Media Group, LLC and Gannett Co., Inc.

Defendants seek to transfer this case to the United States District Court for the

Eastern District of Virginia, Alexandria Division.  (Doc. 8).  Having been fully

briefed, this matter is ripe for decision.   For the reasons explained below, the

court will transfer this case to the United States District Court for the Eastern

District of Virginia.

**Background**

From approximately January 2017 through March 2021, defendants

employed plaintiff as a "Site Editor" for USA Today's "Ravens Wire", a dedicated

team website for the Baltimore Ravens football team. (Doc. 1, ¶ 11).   While employed as a Site Editor, plaintiff regularly worked approximately seventy (70) hours per week.  (Id. ¶ 18).  He contends that defendants misclassified him as an independent contractor and denied him, and other Site Editors, minimum wage and overtime for all hours worked.  (Id. ¶ 59).  He seeks unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for himself and on behalf of the class of defendants' employees similarly situated.  (Id. ¶ ¶ 63-73).  He also seeks payment for all hours worked, including overtime hours, under the Pennsylvania Minimum Wage Act of 1968, 43 PENN. STAT. § 333.104(a) and 34 PA. CODE § 231.21(b). (Id. ¶ ¶ 74-81).

Plaintiff filed suit in this court, the United States District Court for the Middle District of Pennsylvania, and the defendants have moved to transfer the case to the Eastern District of Virginia.  The motion to transfer has been fully briefed, bringing the case to its present posture.

**Jurisdiction**

As this matter arises under the FLSA, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The court has supplemental jurisdiction over the plaintiff's state law minimum wage claim pursuant to 28 U.S.C. § 1367.

2

**Legal standard**

Defendants bring this motion to change venue under 28 U.S.C. § 1404(a). Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).  The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citation and quotation marks omitted).

Section 1404(a) vests broad discretion with the district courts "to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988)). "In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice)[.]" Id. at 879. Rather, other private and public interest factors are identified for courts to consider, as further discussed below. Id.

**Discussion**

The analysis of a section 1404(a) motion to transfer begins with the threshold issue of whether the case could have been brought in the proposed transferee district.  28 U.S.C. § 1404(a).  If it could have been, then the court proceeds to an evaluation of certain private and public interests.  A weighing of these interests determines whether the motion should be granted or denied. Jumara, 55 F.3d at 883.  Beginning with the threshold issue, the court will address each step of the analysis in turn, bearing in mind that when considering motions to transfer venue under Section 1404(a), the burden of persuasion remains with the moving party, here the defendants. See In re McGraw-Hill Glob. Educ. Holdings LLC, 909 F.3d 48, 57 (3d Cir. 2018) (citing Jumara, 55 F.3d at 879).

**1.  Whether Venue Is Proper in the Eastern District of Virginia[1]**

Section 1404(a) provides that a case may be transferred "to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Thus, "[p]rior to ordering a transfer the district court must make a determination that the suit could have been rightly started in the transferee district." Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).  In other words, if the case

---

[1] We provide a short analysis for this section as it appears that the plaintiff does not dispute whether the case could have been brought in the Eastern District of Virginia.

could not have originally been brought in the proposed transferee district, then it cannot be transferred there.

Defendants argue that the case could have been brought in the Eastern District of Virginia.  The court agrees.

The law provides that federal civil actions may be brought in a judicial district "in which a substantial part of the events or admissions giving rise to the claim occurred" or in a district "in which any defendant is subject to the court's personal jurisdiction."  28 U.S.C. § 1391(b)(2)-(3).

In the context of a FLSA case, suit may be brought where the "alleged FLSA violation – the failure to pay overtime wages – occurred . . .where Plaintiffs worked [and] where Defendant is headquartered and would have established policies giving rise to the FLSA violation."  Stewart v. First Student, Inc., 639 F. Supp. 3d 492, 499 (E.D. Pa. 2022).

Here, it is uncontested that plaintiff performed his work in York, Pennsylvania, within the Middle District of Pennsylvania.  Defendant Gannett, on the other hand, is headquartered in Tyson, Fairfax County, Virginia and USA Today is headquartered in McLean, Fairfax County, Virginia.   (Doc. 8-2, Nate Scott Decl. ¶¶ 6-7).  Fairfax County is located in the Eastern District of Virginia. 28 U.S.C. § 127(a). Accordingly, plaintiff could have brought suit there, and the

5

case can potentially be transferred there if the balance of private and public interests weighs in favor of such transfer.

The court, therefore, moves on to the next step of the analysis, that is the balancing of the factors to determine if transfer is appropriate. A motion to transfer under Section 1404(a) "calls on the district court to weigh in the balance a number of case-specific factors." Stewart Org., Inc., 487 U.S. at 29. These factors include both private interest factors and public interest factors. The court will address both beginning with the private interest factors.

### 2. Private Interest Factors

The court next considers the parties' arguments relative to the private interest factors. These factors relate to "the convenience of the parties and witnesses" as enumerated in Section 1404(a). In re: Howmedica Osteonics Corp., 867 F.3d 390, 402 (3d Cir. 2017). The Third Circuit Court of Appeals has listed the following as relevant private interest factors:

(a) plaintiff's forum preference as manifested in the original choice;

(b) defendant's preferred forum;

(c) whether the claim arose elsewhere;

(d) the convenience of the parties as indicated by their relative physical and financial condition;

6

(e) the convenience of the witnesses—but only to the extent that the

witnesses may actually be unavailable for trial in one of the fora; and

(f) the location of the books and records (similarly limited to the extent that

files could not be produced in the alternative forum).

See Jumara, 55 F. 3d at 879.

The court addresses each in turn.

### (a) Plaintiff's forum choice

"It is black letter law that a plaintiff's choice of a proper forum is a

paramount consideration in any determination of a transfer request[.]" Shutte,

431 F.2d at 25 (citation omitted). Moreover, in ruling on a motion to transfer

venue, plaintiff's choice of venue "should not be lightly disturbed." Jumara, 55

F.3d at 879.

Nevertheless, a plaintiff's choice of forum is not dispositive nor is it the only

factor to be considered in a section 1404(a) analysis. See Ricoh Co. Ltd. v.

Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. Mar. 16, 1993). Although

plaintiff's forum choice will always weigh against transfer under Section 1404(a),

it is a case-specific question as to how much weight this factor should be given

overall. See Labrot v. John Elway Chrysler Jeep on Broadway, 436 F. Supp. 2d

729, 731 (E.D. Pa. 2006) (citing Cameli v. WNEP-16 The News Station, 134 F.

Supp. 2d 403, 405 (E.D. Pa. 2001)).

For example, plaintiff's preferred forum in this matter may be given less weight when the operative facts occurred as much in this district as in another forum. See, e.g., Cameli, 134 F. Supp. 2d at 406 (finding plaintiff's choice of forum to be "a factor worthy of consideration, but not a paramount one" where the operative facts occurred in another district).

Here, it appears the operative facts which occurred in Pennsylvania are that plaintiff performed work in York, Pennsylvania. All other operative facts, such as decisions regarding the policies of payment of overtime wages in violation of the FLSA occurred elsewhere, presumably where defendants are headquartered in the Eastern District of Virginia. See Stewart v. First Student, Inc., 639 F. Supp. 3d 492, 499 (E.D. Pa. 2022) ("the failure to pay overtime wages . . . occurred . . . where Plaintiffs worked [and] where Defendant is headquartered and would have established policies giving rise to the FLSA violation.").

Additionally, in this case, plaintiff has filed his complaint on behalf of more than eighty (80) Site Editors located in more than thirty (30) states across the country. (Doc. 1, Compl. ¶¶ 6-8; Doc. 8-2, Scott Decl. ¶¶ 10-11). "An individual plaintiff's forum preference . . . is entitled to little weight in a . . . class action." Osborne v. Emp. Bene. Admin. Bd. of Kraft Heinz, No. 2:19cv307, 2020 WL 1808270, at *6 (W.D. Pa. Apr. 9, 2020). Moreover, "where there are hundreds of

potential plaintiffs . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947).  Here, instead of hundreds of others, plaintiff's complaint seeks to protect the rights of approximately eighty (80) others, but this statement of the law remains persuasive.  While the potential plaintiffs are located all over the country, the business is headquartered in only one spot, Virginia.  As the potential plaintiffs are not all located in one spot, it makes sense to center the case where the defendants have their headquarters.  Accordingly, although plaintiff's choice of forum counts against transfer, here this factor will be provided little weight.

### (b) & (c) Defendant's Preferred Forum and Whether the Action Arose Elsewhere

The next two factors, defendant's preferred forum and whether the action arose elsewhere, will be considered together.  Here, the defendants' preferred forum is Eastern District of Virginia where the headquarters of both defendants are located.  (Doc. 8).  As noted above, a claim under the FLSA arises where the plaintiff performed the work and also where the policies giving rise to the FLSA claim were established.   Stewart, 639 F. Supp. 3d at 499.  As noted in the previous section, it appears that the relevant policies were established in Virginia.  Moreover, the approximately eighty (80) plaintiffs are scattered across the

9

country, whereas the defendants have their headquarters in one state, Virginia. Accordingly, these factors support transfer to the Eastern District of Virginia.

### (d) the convenience of the parties/ (e) convenience of the witnesses/(f) location of books and records

Plaintiff argues that the location of the parties, documents and witnesses do not support venue in one district over the other. Defendant points out, however, that its current and former employees who are familiar with the relevant policies, contracts, payments and practices raised in plaintiff's complaint, are located throughout the United States. Within forty (40) miles from the proposed transferee district are three (3) large international airports. (Doc. 8-5, Def. Exh. 4). The closest large international airport to Scranton, Pennsylvania, where the case is now assigned, is over 100 miles away, Newark Liberty International Airport. (Doc. 8-6, Def. Exh. 5).[2] The proximity of these airports would make travel to the Eastern District of Virginia for parties and witnesses much more convenient than travel to the Middle District of Pennsylvania.

And lastly, although, in light of modern technology, the location of documents is of less significance than it once was, it still retains some relevance with regard to a transfer of venue motion. In re Global Cash Access, No.

---

[2] The Wilkes-Barre/Scranton International Airport is located in the Scranton area. (Doc. 8-6). It is, however, not a large airport and would provide much fewer flight options for parties and witnesses.

10

08cv3516, 2008 WL 4344531, at *5 (S.D.N.Y. Sept. 18, 2008).  The bulk of the documents at issue here presumably would be located at the defendants' headquarters.

Based on the above analysis, the private interest factors weigh in favor of transferring the case to the Eastern District of Virginia.

## B. Public Interest Factors

The second and final set of factors to examine are the public interest factors.  These include the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two district courts resulting from court congestion; the local interest in deciding local controversies at home, the public policies of the fora and the familiarity of the trial judge with the applicable state law in diversity cases.  Jumara, 55 F.3d at 879-80.

The parties only address several of these factors as relevant, including the familiarity of the trial judge with the applicable state law, the relative administrative difficulty in the two district courts arising from court congestion, and the local interest in deciding local controversies at home.

The first factor is the familiarity of the trial judge with the applicable state law. Here, the law at issue is federal law under the FLSA.  Plaintiff's complaint also contains a state law claim under the Pennsylvania Minimum Wage Act.

(Doc. 1, Compl. ¶¶ 74-81).  Both the state law claim and the FLSA claim assert that plaintiff was improperly treated as an independent contractor for his work with the defendants.  (See generally Doc. 1, Compl.)  The test for independent contractor status under the FLSA is the same as the test applied to Pennsylvania minimum wage and overtime law claims. Verma v. 3001 Castor, Inc., 937 F.3d 221, 229 (3d Cir. 2019).  As the federal and state law are the same on these issues, a United States District Judge sitting in Pennsylvania would have no greater familiarity with the law than a United States District Judge sitting in Virginia.   Accordingly, neither court has an advantage here and this factor is neutral.

The second factor is the public interest in having local controversies heard in the home district.  In a potentially complex collective action such as this a strong public interest exists in having the lawsuit heard in the district at the "center of gravity" of the dispute.  It makes sense that the burdens of litigation fall on prospective juries and court personnel in the district having the most direct connection with the claims.  Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc., No. Civ.A 2:13-05805-JL, 2014 WL 1555133, at *8 (D.N.J. Apr. 14, 2014) (explaining that the district where the "center of gravity" of the dispute is has a "stronger local interest" in the adjudication of the suit.)  The instant case seeks recovery for people from all across the nation for backpay based on wage

and classification policy decisions made in Virginia.  Virginia would therefore appear to have a stronger local interest than Pennsylvania.

The next factor is court congestion.  The civil caseload per judge in the Eastern District of Virginia, 280, is significantly lower than the civil caseload per judge in the Middle District of Pennsylvania, 371.  (Doc. 8-9, Def. Exh. 8, Judicial Caseload Profile E.D. Va.; Doc. 8-8, Def. Exh. 7, Judicial Caseload Profile M.D.Pa.)[3].  Additionally, the median time for completion of a civil case is quicker in the Eastern District of Virginia than the Middle District of Pennsylvania.  (6.6 months versus 11.7 months).  (Id.)  The court congestion factor thus favors transfer to the Eastern District of Virginia.

It appears, therefore, with one public interest factor being neutral and the other public interest factors favoring transfer, that the public interest factors relevant to this case weigh in favor of transfer.

## Conclusion

Defendants have met their burden of establishing that transfer of venue is appropriate in the instant action.  Plaintiff seeks to represent persons from all over the country, thus his choice of forum is given little weight.  The defendants have their headquarters in Virginia, and it would be more convenient for the

---

[3] These statistics are from the *Federal Court Management Statistics Report*, which is attached as exhibits 7 and 8 to defendants' motion.  (Doc.8-1, Doc. 9-1).

parties and witnesses due to, *inter alia*, the proximity to major airports.  See, e.g.,

Garcia-Alvarez v. Fogo de Chao Churrascaria (Pittsburgh) LLC, No. 2:20-cv-

1345, 2021 WL 396741 (W.D. Pa. Feb. 4, 2020) (transferring a nationwide FLSA

case and Pennsylvania Minimum Wage Act Claim to the from the Western

District of Pennsylvania to the Eastern District of Texas where the defendant's

headquarters is located).  Additionally, currently, there is less congestion in the

United States District Court for the Eastern District of Virginia as compared to the

Middle District of Pennsylvania.  Accordingly, defendants' motion to transfer will

be granted.  An appropriate order follows.

Date: 3/26/24

**JUDGE JULIA K. MUNLEY**
**United States District Court**

14